Compiler

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM<br><br>vs.<br><br>PHILIP J.T. SABLAN,<br><br>Defendant. | CRIMINAL CASE NO. CF305-09<br><br>DECISION AND ORDER<br>(Defendant's Motion in Limine to Exclude Any Prior Bad Acts, Arrests, and Convictions of Defendant) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 24, 2009, for a hearing on Philip J. T. Sablan's ("Defendant") Motion to in Limine to Exclude Any Prior Bad Acts, Arrests, and Convictions of Defendant. Attorney Pablo Agulbat of the Office of the Public Defender represented defendant. Attorney Sally Tobin appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On August 19, 2009, Defendant filed a Motion in Limine to Exclude Any Prior Bad Acts, Arrests, and Convictions of Defendant. The Court scheduled a motion hearing on August 20, 2009. Due to Ms. Tobin's illness the motion hearing was postponed until August 24, 2009. On August 24, 2009, a motion hearing was held. The Court now addresses Defendant's Motion in Limine to Exclude Any Prior Bad Acts, Arrests, and Convictions of Defendant.

## DISCUSSION

### I. Exclusion of Based on 404(b)

The Defendant argued that Cassandra C.C. Corpuz ("Corpuz") must be prevented from testifying of any other bad acts of the Defendant based on 6 G.C.A. § 404(b). Guam Rules of Evidence 404(b) bars the introduction of "other crimes, wrongs or acts" to prove that the accused acted in conformity therewith. 6 G.C.A. § 404(b). To be admissible under Rule 404(b), evidence of other crimes, wrongs, or acts must (1) must be relevant to an issue other than character or the propensity to act accordingly and (2) must satisfy Rule 403's balancing test, which requires that extrinsic evidence have probative value that is not substantially outweighed by unfair prejudice that might result from its admission. DiRico v. City of Quincy, 404 F3d 464, 467-468 (1st Cir. 2005) (evidence of other crimes, wrongs, or acts is admissible if it has "special relevance to an issue in the case such as intent, knowledge, or absence of mistake or accident, and must not include bad character or propensity as a necessary link in the inferential chain" and its danger of unfair evidence does not substantially outweigh its probative value). Rule 404(b) allows for the admission of evidence of other crimes, wrongs or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Old Chief v. U.S., 519 U.S. 172, 196, 117 S.Ct. 644, 657 (1997).

The People bear the burden of establishing that the evidence: (1) proves a material element of the crime currently committed; (2) is similar to the charged conduct; (3) is based on sufficient evidence; and (4) is not too remote in time. People of Guam v. Evaristo, 1999 Guam 22, ¶ 11 (citing United States v. Hinton, 31 F.3d 817, 822 (9th Cir. 1994). A fifth and final consideration that the court must address is whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. 6 G.C.A. § 403; see also Evaristo, 1999 Guam 22 at ¶ 17.

The Court determines that the prior bad acts contained in Officer Manuel Perez's report, and any testimony that Corpuz was sexually assaulted on several occasions in 2006 is not based on sufficient evidence and is too remote in time. People's Exhibit 5; See Evaristo, 1999 Guam 22 at ¶ 11. Additionally, the Court determines that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the Defendant. See Id. at ¶ 17. Therefore, the Court will grant Defendant's Motion to Exclude evidence that Defendant sexually assaulted Corpuz on several occasions in 2006.

## II. Rule 609 Evidence

Defendant asked the Court to exclude evidence of any felony convictions under Rule 609. Defendant's Motion in Limine to Exclude Any Prior Bad Acts, Arrests, and Convictions of Defendant (August 19, 2009). Defendant asked the Court to specifically prevent the People from introducing evidence of any of Defendant's convictions in excess of ten years. Under Rule 609, a felony conviction over ten years old is not admissible. G.R.E. Rule 609. Therefore, the Court grants the Defendant's Motion to Exclude Defendant's prior convictions in excess of ten years pursuant to Rule 609.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Exclude evidence that Defendant sexually assaulted Corpuz on several occasions in 2006 and Defendant's prior convictions in excess of ten years pursuant to Rule 609.

**SO ORDERED** this 24 day of Aug., 2009.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I hereby certify the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagatna, Guam

AUG 24 2009

James R. Borja